**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------x
:
:
**In re**                              :     **Chapter 11**
:
**OMEGA THERAPEUTICS, INC.**           :     **Case No. 25-10211 (BLS)**
:
**Debtor.**                            :
:
:
---------------------------------------------x

**AMENDED SCHEDULE D OF ASSETS AND LIABILITIES**
**FOR OMEGA THERAPEUTICS, INC. (CASE NO. 25-10211)**

The Debtor's federal tax identification number is: 81-3247585. The mailing address for the Debtor is 140 First Street, Suite 501, Cambridge, MA 02141.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| OMEGA THERAPEUTICS, INC.,[1] | Case No. 25-10211 (BLS) |
| Debtor. | |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING THE DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**

The Schedules of Assets and Liabilities (the "Schedules") and the Statement of Financial Affairs (the "Statement," and collectively with the Schedules, the "Schedules and Statement") filed by the above-captioned debtor and debtor in possession (the "Debtor"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), have been prepared by the Debtor's management in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 1007, and are unaudited.

These Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all the Schedules and Statement. The Global Notes should be referred to, considered and reviewed in connection with any review of the Schedules and Statement.[2]

The Schedules and Statement do not purport to represent financial statements prepared in accordance with generally accepted accounting principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of the Debtor. Additionally, the Schedules and Statement contain unaudited information that is subject to further review and potential adjustment.

In preparing the Schedules and Statement, the Debtor relied upon information derived from its books and records that was available at the time of such preparation. Although the Debtor has made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised or subsequent information, may cause material changes to the Schedules and Statement.

---

[1] The Debtor's federal tax identification number is 81-3247585. The mailing address for the Debtor is 140 First Street, Suite 501, Cambridge, MA 02141.

[2] These Global Notes are in addition to any specific notes contained in the Debtor's Schedules and Statement.

The Debtor's management prepared the Schedules and Statement with the assistance of its restructuring advisor, Triple P RTS, LLC, and other professionals. Barbara Chan has signed the Schedules and Statement. Ms. Chan is the Senior Vice President of Finance and Chief Accounting Officer of, and an authorized signatory for, the Debtor. Ms. Chan has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statement, including statements and representations concerning amounts owed to creditors, classification of such amounts and creditor addresses.

**The Schedules, Statement and Global Notes should not be relied upon by any person for information relating to current or future financial conditions, events or performance of the Debtor. Due to numerous unliquidated, contingent and/or disputed claims, summary statistics in the Schedules, Statement and Global Notes are likely not an accurate representation of the Debtor's liabilities on a GAAP basis.**

The Debtor and its employees, agents, attorneys, and other professionals shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. In no event shall the Debtor or its employees, agents, attorneys, or other professionals be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtor or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtor or its employees, agents, attorneys, and other professionals are advised of the possibility of such damages.

## Global Notes and Overview of Methodology

1. <u>Reservation of Rights</u>. The Debtor reserves and preserves all rights to amend, supplement or otherwise modify the Schedules and Statement from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statement with respect to a claim (including, but not limited to: amending the description or designation of any claim; disputing or otherwise asserting offsets or defenses to any claim reflected in the Schedules and Statement as to amount, liability, priority, status or classification; subsequently designating any claim as "disputed," "contingent" or "unliquidated;" or objecting to the extent, validity, enforceability, priority or avoidability of any claim). Any failure to designate a claim in the Schedules and Statement as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtor that such claim or amount is not "disputed," "contingent" or "unliquidated." Listing a claim does not constitute an admission of liability by the Debtor.

Further, nothing contained in the Schedules and Statement shall constitute a waiver of rights with respect to this chapter 11 case, including, without limitation, with respect to matters involving objections to claims, equitable subordination, defense, characterization or re-characterization of contracts, assumption or rejection of contracts under the provisions of chapter 3 of the Bankruptcy Code and/or causes of action arising under the provisions of chapter 5 of the

Bankruptcy Code or any other relevant laws to recover assets or avoid transfers. Any specific reservation and preservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation and preservation of rights contained in this or the preceding paragraph.

2. <u>Description of the Case and "as of" Information Date</u>. On February 10, 2025 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition with the Bankruptcy Court under chapter 11 of the Bankruptcy Code. The Debtor continues to manage its assets as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Unless otherwise stated, asset and liability information is as of the Petition Date. As more fully described below, the Debtor was required to make certain estimates and assumptions that affect the reported amounts within the Schedules and Statement.

Additionally, the Debtor has made every effort to allocate liabilities between the prepetition and postpetition periods based on information available and research conducted in connection with the preparation of the Schedules and Statement. As additional information becomes available to, and further research is conducted by, the Debtor, the Debtor's allocation of liabilities between prepetition and postpetition periods may change.

3. <u>Basis of Presentation</u>. For financial reporting purposes, the Debtor historically prepared consolidated financial statements. The Schedules and Statement reflect the assets and liabilities of the Debtor on the basis of the Debtor's unaudited records. Furthermore, the Schedules and Statement do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to reconcile to the financial statements previously distributed to certain third parties. Accordingly, the totals listed in the Schedules and Statement differ, at times materially, from the consolidated financial reports prepared by the Debtor for financial reporting purposes or otherwise.

To the extent that the Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent at the Petition Date or at any time prior to the Petition Date.

4. <u>Recharacterization</u>. Notwithstanding the Debtor's reasonable efforts to properly characterize, classify, categorize and designate certain claims, assets, contracts, leases and other items reported in the Schedules and Statement, the Debtor may nevertheless seek to recharacterize, reclassify, recategorize, redesignate, add or delete items. Accordingly, the Debtor reserves and preserves all of its rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statement at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed in the Schedules and Statement were deemed executory or unexpired as of the Petition Date and remain executory or unexpired postpetition.

5. <u>Excluded Assets and Liabilities</u>. In addition, certain immaterial assets and liabilities may have been excluded. The liabilities listed on the Schedules and Statement do not reflect a complete analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtor reserves and preserves its rights to dispute or challenge the validity of all claims asserted under section 503(b)(9) of the Bankruptcy Code.

6. <u>Insiders</u>. For purposes of the Schedules and Statement, the Debtor defines "insiders" pursuant to section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) persons in control of the Debtor; (d) relatives of directors, officers, or persons in control of the Debtor; and (e) affiliates. Persons listed as "insiders" have been included for informational purposes only, and including them in the Schedules and Statement shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code.

The Debtor does not take any position with respect to: (a) such person's influence over the control of the Debtor; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws and section 101(31) of the Bankruptcy Code, or with respect to any theories of liability or for any other purpose. As such, the Debtor reserves and preserves all rights with respect to the foregoing issues.

7. <u>Executory Contracts and Unexpired Leases</u>. Nothing contained in or omitted from the Schedules and Statement is or shall be construed as an admission as to the determination of the legal status of any contract or lease, including whether any lease is a true lease or a financing arrangement, whether such contract or lease is an executory contract or unexpired lease, or whether such contract or lease is binding, valid and enforceable. The Debtor reserves and preserves all rights with respect to all such issues.

While every effort has been made to ensure the completeness and accuracy of the listing of executory contracts and unexpired leases, inadvertent errors or omissions may have occurred. The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements which may not be listed therein. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain of the executory contracts or unexpired leases may not have been memorialized and could be subject to dispute. Similarly, the absence of a contract or lease from Schedule G does not constitute an admission that such contract or lease is not executory.

In addition, the Debtor reserves and preserves all rights, claims and causes of action with respect to the contracts and leases listed in the Schedules and Statement, including the rights to dispute or challenge the characterization or the structure of any transaction, document or instrument.

8. <u>Classifications</u>. Listing a claim on (i) Schedule E/F, Part 1 as "priority," (ii) Schedules E/F, Part 1 or 2 as "unsecured," or (iii) Schedule G as "executory" or "unexpired," is not a waiver of the Debtor's rights to recharacterize or reclassify such claims, contracts, leases or, amend such schedules.

9. <u>Causes of Action</u>. Despite its reasonable efforts to identify all known assets, the Debtor may not have identified and/or listed as assets in the Schedules and Statement all of its causes of action or potential causes of action against third parties (and in particular has not identified or listed causes of action arising under the provisions of chapter 5 of the Bankruptcy

Code and any other relevant nonbankruptcy laws to recover assets or avoid transfers). The Debtor reserves and preserves its rights with respect to any claim, cause of action (including avoidance actions), controversy, right of setoff, recoupment, cross-claim, or counterclaim; and any demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license or franchise, in each case of any kind or character whatsoever, known or unknown, fixed or contingent, mature or unmatured, liquidated or unliquidated, disputed or undisputed, secured or unsecured, direct or derivative, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or otherwise (collectively, "Causes of Action"), and neither these Global Notes nor the Schedules and Statement shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such Causes of Action.

10. Summary of Significant Reporting Policies. The following conventions were adopted by the Debtor in the preparation of the Schedules and Statement:

(a) Book Value. Unless otherwise noted, each asset and liability of the Debtor is shown on the basis of the net book value of the asset or liability in accordance with the Debtor's accounting and/or tax books and records as of the Petition Date, and is not based upon any estimate of its current market values.

(b) Cash. Any cash balances in the Debtor's bank accounts set forth in Schedule A/B are based on the book balance as of the beginning of business on the Petition Date.

(c) Property and Equipment: Owned. Fixed assets are recorded at cost. Depreciation is computed on a straight line method over the estimated useful life of the asset.

(d) Liens and Encumbrances on Assets. In the ordinary course of the Debtor's business, tax liens and other encumbrances (*e.g.*, judgment liens) are occasionally filed against assets owned by the Debtor. The Debtor has made a reasonable, good faith effort to include all liens on Schedule D, but may have inadvertently failed to include an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation.

(e) Undetermined Amounts. The description of any amounts as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

11. Setoffs. The Debtor incurred certain offsets and other similar rights during the ordinary course of its business. Offsets in the ordinary course can result from various items, including, without limitation, pricing discrepancies, returns, refunds, warranties, debit memos, credits, and other disputes between the Debtor and its suppliers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtor's industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been

accounted for when certain amounts were included in the Schedules and Statement, offsets are not independently accounted for, and as such, are or may be excluded from the Debtor's Schedules and Statement.

12. <u>Estimates and Assumptions</u>. To prepare and file the Schedules and Statement in accordance with the deadlines established in the chapter 11 case, the Debtor was required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses. The Debtor reserves and preserves all rights to amend the reported amounts of assets, liabilities, revenue and expenses to reflect changes in those estimates and assumptions.

13. <u>Confidential or Sensitive Information</u>. There may be instances where certain information in the Schedules and Statements was not included or redacted due to the nature of an agreement between the Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, concerns for the privacy of an individual, or due to privacy-related laws and/or regulatory regimes.

14. <u>Currency</u>. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

15. <u>Totals</u>. All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total. As previously stated, the description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

**Specific Schedule Disclosures**

1. **Schedule A/B - Assets – Real and Personal Property:**

   a. **Part 1 – Cash and cash equivalents.** The Debtor's Cash Management System is comprised of four (4) bank accounts. The Debtor's primary postpetition cash management bank is JPMorgan Chase Bank, N.A. Further details with respect to the Cash Management System are provided in the Cash Management Motion [D.I. 3]. The cash amount listed is as of the Petition Date and reflects the bank balance, not the net book value.

   b. **Part 2 – Deposits and Prepayments.** Part 2 identifies previous payments made on behalf of the Debtor for services or prepayments of services or other obligations.

   c. **Part 7 – Office furniture, fixtures, and equipment; and collectibles.** Actual realizable values may vary significantly relative to net book values as of the Petition Date. Additionally, in an effort to reduce the volume of the disclosures that would be otherwise applicable, the Debtor is disclosing its fixed assets at the category level.

d. **Part 8 – Machinery, equipment, and vehicles.** Machinery and Equipment leased by the Debtor is listed on both Schedule A/B and on Schedule G. Actual realizable values of the assets identified may vary significantly relative to net book values as of the Petition Date.

e. **Part 9 – Real Property.** Property leased by the Debtor is listed on both Part 9 of Schedule A/B and on Schedule G. Furthermore, the property value is scheduled in accordance with the Debtor's books and records, which may not comport with the legal owner of record. Actual realizable values of the assets identified may vary significantly relative to recorded values as of the Petition Date, which reflect net book value. The Debtor reserves all rights to recharacterize its interests in real property at a later date.

f. **Part 10 – Intangibles and intellectual property.** Part 10 identifies the various trademarks, patents, and website domains owned and maintained by the Debtor. The Schedules may not list the value of such intangible assets as no recent appraisals have been performed. Various software licenses the Debtor used for its operation, which are easily obtainable and hold minimal value, are not included.

g. **Part 11 – All other assets.** Potential preference actions and/or fraudulent transfer actions were not listed because the Debtor has not completed an analysis of such potential claims. The Debtor's failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist and should not be construed as a waiver of such cause of action, claim, or right.

With respect to tax refunds and net operating losses, Omega Therapeutics, Inc. is projected to have federal, state, and local income tax net operating loss carryforwards, which is available to offset income generated by the Debtor.

2. **Schedule D – Creditors Who Have Claims Secured by Property:**

    a. The claims listed on Schedule D arose and were incurred on various dates. To the best of the Debtor's knowledge, all claims listed on Schedule D arose, or were incurred, before the Petition Date.

    b. Except as otherwise agreed or stated pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtor and/or its estate reserves the right to dispute and challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor and, subject to the foregoing limitations, note as follows: (i) although the Debtor may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtor's assets in which such creditors may have a lien has been undertaken, and (ii) the descriptions provided on Schedule D and herein are intended to be a summary. Reference to the applicable loan agreements and

related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Detailed descriptions of the Debtor's prepetition debt structure, guarantees, and descriptions of collateral relating to each obligation, if any, contained on Schedule D are contained in the *Declaration of Kaan Certel in Support of Debtor's Chapter 11 Petition and First Day Motions* [Docket No. 19] (the "First Day Declaration").

c. Schedule D does not include beneficiaries of letters of credit. Although the claims of such parties may be secured by a letter of credit, the Debtor's obligations under the letters of credit run to the issuers thereof, and not to the beneficiaries thereof.

d. The Debtor has not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments posted by, or on behalf of, the Debtor, or judgment or statutory lien rights. The Debtor has not investigated which of the claims may include such rights, and their population is currently unknown.

3. **Schedule E/F – Creditors Who Have Unsecured Claims:**

    a. **Part 1 – List all creditors with priority unsecured claims.** The Debtor's analysis of any potential priority claims is ongoing. With respect to any employee claims that may be entitled to priority status under section 507(a)(4) or (5) of the Bankruptcy Code, these claims may have been paid pursuant to, and the statutory priority cap of $15,150 may have been exhausted under, the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing Debtor to (A) Pay Certain Prepetition Employment Obligations and (B) Maintain Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 9]. Thus, the Debtor reserves its rights to dispute or challenge the priority status of any employee claims under section 507(a)(4) or (5) of the Bankruptcy Code.

    For the active employees as of the petition date, there was one week of accrued payroll that was paid post-petition due to the timing of the Company's payroll cycle. As such, this one week of payroll has been deducted from the $15,150 cap to determine the priority threshold for these employees.

    The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtor reserves its rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

    b. **Part 2 – Creditors with Nonpriority Unsecured Claims.** Schedule E/F Part 2 reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of executory contracts or unexpired leases. Additionally, Schedule E/F Part 2 does not include potential rejection damage claims, if any, of the counterparties to executory contracts and

unexpired leases that have been or may be rejected postpetition.

4. **Schedule G – Executory Contracts and Unexpired Leases.**

    a. Although commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases (collectively, the "Agreements") as of the filing of the Statements and Schedules, the Debtor's collection and review process of the Agreements is ongoing, and inadvertent errors, omissions, or over- or under-inclusion may have occurred. The Debtor may have entered into various other types of Agreements in the ordinary course of its business, such as indemnity agreements, supplemental agreements, amendments/letter agreements, master service agreements, and confidentiality agreements, that may not be set forth in Schedule G. The Debtor has not included on Schedule G the engagement letters with any of the Debtor's professionals that have been retained pursuant to an order of the Court in this Chapter 11 Case, which agreements have been publicly filed with the Court. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted Agreements. Likewise, the listing of an Agreement on Schedule G does not constitute an admission that such Agreement is an executory contract or unexpired lease, that such Agreement was in effect on the Petition Date, or that such Agreement is valid or enforceable. The Agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G.

**Specific Notes with Respect to the Debtor's Statements of Financial Affairs**

1. **Part 1: Income. Questions 1.** The Debtor receives a certain amount of cash up-front from specific contracts that is recorded as deferred revenue and recognized into revenue over time as certain milestones are completed.

2. **Part 2: Income. Questions 3 and 4.** In the ordinary course of its business, the Debtor maintains a cash management system in which the Debtor disburses funds from its checking account that are used to satisfy its ordinary course operating expenses and financial obligations as further explained in the Cash Management Motion. Consequently, most, if not all, payments to creditors and insiders listed in response to Questions 3 and 4 the Debtor's Statements reflect payments made pursuant to the Debtor's cash management system described in the Cash Management Motion.

3. **Part 3: Legal Action or Assignments. Question 7.** Information provided on Statement 7 includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum. The Debtor used commercially reasonable efforts to identify all pending litigation and assign appropriate descriptions thereto using information available to the Debtor. In the event that the Debtor

9

discovers additional information pertaining to the legal action identified in response to Statement 7, the Debtor will use reasonable efforts to supplement the Statements in light thereof.

4. **Part 6: Certain Payments or Transfers. Question 11.** All payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one (1) year immediately preceding the Petition Date are listed on the applicable Debtor's response to Statement 11.

5. **Part 10: Financial Accounts, Safe Deposit Boxes, and Storage Units. Question 20.** Certain vendors are storing expired drug components for the Debtor in off-premises storage facilities. These drug components are likely worthless to the Debtor or any other party and may be slated for disposal.

6. **Part 13: Details About the Debtor's Business or Connections to Any Business. Question 26(d).** Omega Therapeutics, Inc. is a registrant with the Securities Exchange Commission and files periodic consolidated financial reports that include financial statements that are available to the public. The Debtor has also provided financial statements in the ordinary course of business to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date. Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtor's knowledge or consent, the Debtor has not disclosed any parties that may have received such financial statements for the purposes of Statement 26(d).

7. **Part 13: Details About the Debtor's Business or Connections to Any Business. Question 30.** For information related to payments and transfers to insiders, please refer to SOFA question number four.

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **Omega Therapeutics, Inc.** |
| United States Bankruptcy Court for the: | **District of Delaware** |
| Case number (if known) | **25-10211** |

■ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property   12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

■ Yes. Fill in all of the information below

**Part 1:   List Creditors Who Have Secured Claims**

2. List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|---|
| 2.1a | **Secured creditor name and mailing address**<br><br>PIONEERING MEDICINES 08-B, INC.<br>C/O FLAGSHIP PIONEERING<br>55 CAMBRIDGE PKWY, SUITE 800E<br>CAMBRIDGE MA 02142<br><br>**Secured creditor's email address**<br><br>**Date debt was incurred**<br>2/3/2025<br><br>**Last 4 digits of account number**<br><br>**Do multiple creditors have an interest in the same property?**<br>■ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority. | **Describe debtor's property that is subject to a lien**<br><br>ALL ASSETS<br><br>**Describe the lien**<br><br>PREPETITION SECURED LOAN<br><br>**Is the creditor an insider or related party?**<br>☐ No<br>■ Yes<br><br>**Is anyone else liable on this claim?**<br>■ No<br>☐ Yes Fill out Schedule H: Codebtors (Official Form 206H)<br><br>**As of the petition filing date, the claim is:**<br>Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | $1,500,000.00 | UNDETERMINED |

3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.   **$1,500,000.00**

Debtor **Omega Therapeutics, Inc.**                                              Case number (if known) **25-10211**
　　　　Name

**Part 2:**   **List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.
If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|

| | |
|---|---|
| **Fill in this information to identify the case:** | |
| Debtor name | **Omega Therapeutics, Inc.** |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | **25-10211** |

■ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

■ **Declaration and Signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

■ *Amended Schedule*   **Schedule D Part 1**

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **March 20, 2025**    */s/ Barbara Chan*
Signature of individual signing on behalf of the debtor

**Barbara Chan**
Printed name

**Senior Vice President of Finance and Chief Accounting Officer**
Position or relationship to debtor